IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SOLOMON PENA,

    Plaintiff,

  v.          No. CIV 15-0357 MV/LAM

THE GEO GROUP, INC.,
MIKE HEREDIA, LARRY PHILLIPS,
K. HILL, K. HARRISON,
SGT. VARGAS, J.W. BEAIRD,
JEFF WRIGLEY,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's removed Civil Rights Complaint. Plaintiff is incarcerated and appears pro se. The state court waived Plaintiff's filing fee (CM/ECF Doc. 4-1, pp. 19-20), and, based on the financial information in the state court record, this Court will grant him leave to proceed under § 1915. The Defendants have answered the complaint. For reasons set out below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the

same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that on September 17, 2014, Defendant Harrison gave Plaintiff notice of the duties and hours of his new prison job.  The notice allegedly did not specify the time and place where Plaintiff was to report for duty.  When he failed to appear for his new assignment, Defendant Heredia gave him a misconduct report ("IMR") for "unauthorized absence."  Defendant Harrison gave a witness statement in support of the IMR.  The hearing officer (Defendant Hill) found Plaintiff guilty of the charge, and the associate warden (Defendant Beaird) approved the finding.  Plaintiff claims that Defendants Phillips, Vargas, and Wrigley unlawfully denied relief from the conviction and rejected his appeals of the disciplinary conviction.  He also asserts that Wrigley and GEO Group failed to supervise Defendant Heredia.  The complaint contends that Defendants' actions violated Plaintiff's rights under the Eighth and Fourteenth Amendments.  Plaintiff seeks damages and equitable relief.

No relief is available under 42 U.S.C. § 1983 on Plaintiff's initial allegations (Counts 2 and 5) that Defendant Heredia improperly filed an IMR against him and Defendant Harrison submitted a witness statement in support of the IMR.  Plaintiff claims these actions violated his procedural due process rights by charging him with "not being at a duty location that he was never commanded to be at."  The Due Process Clause, however, does not protect Plaintiff against the initial filing of a false report.  In *Williams v. Smith*, 781 F.2d 319, 324 (2d Cir. 1986), the Second Circuit held that a prisoner's allegation that a guard "filed a false misbehavior report which initiated [a] procedurally flawed disciplinary hearing" did not state a claim for a constitutional deprivation.  "The filing of a false report does not, of itself, implicate the guard who filed it in constitutional violations which occur at a subsequent disciplinary hearing."  *Id.*; *see also Northington v. McGoff*, No. 91-1252, 1992 WL

149918, at *1, *4 (10th Cir. June 25, 1992).   The filing of a disciplinary report and statement, even if false, did not violate Plaintiff's procedural due process rights, and the Court will dismiss these claims.

Nor is relief available on Plaintiff's procedural due process claim (Count 4) against Defendant Hill for finding Plaintiff guilty of the disciplinary charge.   Prison disciplinary hearings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such a prosecution do not apply.   *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).   The minimum procedural requirements are "notice of the charges, an opportunity to present witnesses and evidence in defense of those charges, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. . . .   Additionally, in order to comport with due process, there must be some evidence to support the hearing panel's decision, and the decisionmaker must be impartial."   *Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004) (citations omitted).   Plaintiff's only allegation of a procedural violation is that Defendant Hill denied his request to propound interrogatories.   The denial did not violate the safeguards specified in *Wolff*, *cf. Thompson v. Stapleton*, 403 F. App'x 986, 987 (6th Cir. 2010) (upholding denial of access to interrogatory responses) (citing *Wolff*, 418 U.S. at 563-67), and the Court will dismiss this claim.

No relief is available on Plaintiff's allegations that Defendants Phillips, Vargas, Beaird, and Wrigley violated his due process rights (Counts 3, 6, 7, and 9) in the administrative review and appeals of his disciplinary conviction.   "This allegation fails, however, to state a claim for relief, as the Supreme Court has already determined that there simply exists no due process right to such an appeal."   *Lowe v. Sockey*, 36 F. App'x 353, 360 (10th Cir. 2002) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974).   Plaintiff's claims arising from administrative review and appeals of his conviction will be dismissed.

Plaintiff's allegations that Defendants Wrigley and GEO Group failed to supervise Defendant Heredia (Counts 1 and 8) do not support Eighth Amendment claims.  These claims are asserted in purely conclusory terms with no supporting factual allegations.  "[P]laintiff has failed to allege that defendants [named in these Counts] personally authorized, supervised or participated in the [disciplinary] decisions. . . .  This omission is fatal to plaintiff's claims against those defendants." *Horton v. Ward*, 123 F. App'x 368, 371 (10th Cir. 2005) (citing *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990) (holding that, to establish supervisory liability in a § 1983 action, a plaintiff must show that "a supervisory defendant, expressly or otherwise, authorized, supervised, or participated in conduct which caused the constitutional deprivation.").  Because Plaintiff's allegations do not support constitutional claims against Defendants, the Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff is GRANTED leave to proceed under 28 U.S.C. § 1915;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED without prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE